IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| VIA VADIS, LLC and <br><br>AC TECHNOLOGIES, S.A., <br><br>    Plaintiffs, <br><br>v. <br><br>NETGEAR, INC., <br><br>    Defendant. | Case No. 1:14-cv-809 <br><br> JURY TRIAL DEMAND |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Via Vadis, LLC ("Via Vadis") and AC Technologies, S.A. ("AC Tech"), by and through their attorneys, respectfully file this Original Complaint for patent infringement against Defendant Netgear, Inc. ("Netgear") and in support thereof state:

### I.    INTRODUCTION

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Plaintiff AC Tech is the owner and Plaintiff Via Vadis is the exclusive U.S. licensee, respectively, of the Asserted Patents (defined below), which relate to an improved data access and management system. In particular, systems operating pursuant to the Asserted Patents store data in a redundant manner in multiple data storage devices depending on pre-specified parameters of the measured data transmission between those data storage devices and computer units. These computer units further access one or more of these data storage devices to access and use such data as a function of those determined pre-specified parameters. Further, the data storage devices process the stored data independently from any access or direction of the computer units. In this manner, data can be processed in a

1

decentralized manner whereby increased data integrity and an increased fault tolerance, as well as relief of individual system components, is achieved. Ultimately the invention allows quicker and more reliable access to data stored and distributed in network computer structures.

## II.   THE PARTIES

2.   Plaintiff AC Tech is a Luxembourg company with its principal place of business at MAISON 2, Leithum, 9910 Luxembourg.

3.   Plaintiff Via Vadis is a limited liability company organized under the laws of the Commonwealth of Virginia with its principal place of business at MAISON 2, Leithum, 9910 Luxembourg.

4.   Defendant Netgear, Inc. is a Delaware Corporation with its principal place of business at 350 E. Plumeria Drive, San Jose, California 95134. Netgear can be served with process by serving its registered agent for service of process in California, C T Corporation System, 818 W. Seventh Street Second Floor, Los Angeles, California 90017.

## III.   JURISDICTION AND VENUE

5.   This action arises under the patent laws of the United States, Title 35 of the United States Code, and in particular 35 U.S.C. §§ 271, 283, 284, 285. Accordingly, this Court has exclusive jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.   This Court has personal jurisdiction over the Defendant as it, directly or through intermediaries, has conducted and does conduct business in this forum, such business including but not limited to: (i) at least a portion of the infringement alleged herein; (ii) purposely and voluntarily offering for sale products or services arising from or incorporating the claimed inventions in this forum, including without limitation Netgear's ReadyNAS and Stora products, with built-in BitTorrent software; and/or (iii) regularly doing or soliciting business, engaging in

other persistent course of conduct or deriving substantial revenue from the offering and sale of goods and/or services to individuals in this forum through third-party retailers.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

### IV.    BACKGROUND

8. AC Tech is the owner, while Via Vadis is the exclusive licensee in the United States, of all rights, title, and interests in and under United States Patent Nos. 7,904,680 ("the '680 patent"), RE40,521 ("the '521 patent"), and 8,656,125 ("the '125 patent"), all of which are entitled "Data Access and Management System as Well as a Method for Data Access and Data Management for a Computer System" (collectively, the '680, '521, and '125 patents will be referred to as the "Asserted Patents").  True and correct copies of the '680, '521, and '125 patents are attached hereto as *Exhibits A*, *B*, and *C*, respectively.

9. The '680 patent was duly and legally issued on March 8, 2011 with Thomas Binzinger identified as the named inventor.  The application giving rise to the '680 patent, United States Patent Application No. 11/188,025, filed July 23, 2005, is a continuation of U.S. Patent Application No. 09/903,431 filed on July 10, 2001, which resulted in U.S. Patent No. 7,000,084, which is a continuation of Application No. PCT/EP2000/000141 filed on January 11, 2000.  Application No. PCT/EP2000/000141 claims priority to German Patent Application No. 199 00 636 filed on January 11, 1999.

10. The '521 patent was duly and legally issued on September 23, 2011 with Thomas Binzinger identified as the named inventor.  The '521 patent is a reissue of U.S. Patent No. 7,000,084 ("the '084 patent) issued February 14, 2006.  The application giving rise to the '084 patent, United States Patent Application No. 09/903,431, filed July 10, 2001, is a continuation of Application No. PCT/EP2000/000141 filed on January 11, 2000.  Application No.

PCT/EP2000/000141 claims priority to German Patent Application No. 199 00 636 filed on January 11, 1999.

11.     The '125 patent was duly and legally issued on February 18, 2014 with Thomas Binzinger identified as the named inventor.  The application giving rise to the '125 patent, United States Patent Application No. 13/029,267, filed February 17, 2011, is a continuation of United States Patent Application No. 11/188,025, filed July 23, 2005, which resulted in U.S. Patent No. 67,904,680, which is a continuation of U.S. Patent Application No. 09/903,431 filed on July 10, 2001, which resulted in U.S. Patent No. 7,000,084, which is a continuation of Application No. PCT/EP2000/000141 filed on January 11, 2000.  Application No. PCT/EP2000/000141 claims priority to German Patent Application No. 199 00 636 filed on January 11, 1999.

12.     The Asserted Patents were assigned by Binzinger to AC Tech on March 21, 2005. AC Tech, pursuant to a license dated February 11, 2011, then exclusively licensed the Asserted Patents to Via Vadis.

13.     Systems, methods, and computer program products operating pursuant to the Asserted Patents store data in a redundant manner in multiple data storage devices depending on pre-specified parameters of the measured data transmission between those data storage devices and computer units.  These computer units also access one or more of these data storage devices to access and use such data as a function of those determined pre-specified parameters.

14.     Further, the data storage devices process the stored data independently from any access or direction of the computer units.  In this manner, data can be processed in a decentralized way whereby increased data integrity and an increased fault tolerance, as well as relief of individual system components, is achieved.  Ultimately the inventions claimed in the

Asserted Patents allow quicker and more reliable access to data stored and distributed in network computer structures than previously available.

15. The BitTorrent is a peer to peer file distribution protocol that allows multiple networked users to simultaneously upload and download segments or pieces of the same file to and from each other. BitTorrent allows multiple downloaders to each store a copy of a file and reupload the file to subsequent downloaders, with each downloader potentially receiving pieces of the complete file from multiple uploaders. The process of downloading and reuploading is regulated based on measured data transmission performance to ensure that each user gets a consistent download rate. Thus, the BitTorrent Protocol is a data access and management system that implements systems and methods relating to the functions described in paragraphs no. 13-14 above.

## V. DEFENDANT'S ACTS

16. Defendant Netgear manufactures, provides, sells, offers for sale and/or distributes infringing systems or has done so in the past. The infringing Netgear systems and methods include without limitation network-attached storage ("NAS") devices and other devices containing or providing software using peer to peer file distribution protocols such as, but not limited to, the BitTorrent protocol and relating to the functions described in paragraphs no. 13-14 above, including without limitation Netgear's ReadyNAS products, including but not limited to the ReadyNAS (including without limitation models 102, 103, 312, 314, 316, 516, 2120, 3220, 4220) and Stora (including without limitation models MS2000, MS2110 and MS 2120) products with built-in BitTorrent software. On information and belief, among other infringements, these systems and methods infringe the Asserted Patents by using the BitTorrent protocol, or other infringing peer to peer file distribution protocol, to transfer files and other data between

electronic devices, such as computers and the accused products themselves. Additionally, Netgear provides related services, specifications, instructions for installation and operation of such systems to its customers or has done so in the past.

## VI.   COUNT ONE
## DIRECT AND INDIRECT INFRINGEMENT
## OF UNITED STATES PATENT NO. 7,904,680

17. Plaintiffs incorporate the allegations of Paragraphs No. 1 through 16 set forth above as if fully set forth herein.

18. Plaintiffs have all substantial rights and interests in the '680 Patent, including all rights to recover for all past and future infringements thereof.

19. The '680 Patent is valid and enforceable.

20. On information and belief, Defendant Netgear, without permission of Plaintiffs, has been and is presently infringing the '680 patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and articles infringing one or more claims of the '680 Patent. Defendant Netgear has thus directly infringed the '680 Patent pursuant to 35 U.S.C. § 271(a).

21. On information and belief, Defendant Netgear, without permission of Plaintiffs, has been and is presently indirectly infringing one or more claims of the '680 Patent, including actively inducing infringement under 35 U.S.C. § 271(b) and contributing to infringement of the '680 Patent under 35 U.S.C. § 271(c). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing articles and methods that Defendant Netgear knew or should have known infringe one or more claims of the '680 Patent. Defendant Netgear received actual notice of the '680 Patent by no later than Plaintiffs' August 21, 2014 letter notifying Defendant Netgear of infringement.

22. On information and belief, Defendant Netgear has indirectly infringed the '680 Patent by, among other actions, providing hardware and software that operates in an infringing manner or instructing users to operate and combine its hardware and software in an infringing manner, and their customers do so. For example, Defendant Netgear includes with their ReadyNAS and Stora products software that permits users to transfer files and other data using the infringing BitTorrent protocol, and their users do so. Both the software and instructions induce others to infringe. Additionally, there is no substantial non-infringing use for the software.

23. As a result of Defendant Netgear's infringement of the '680 Patent, Plaintiffs have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## VII.  COUNT TWO
## DIRECT AND INDIRECT INFRINGEMENT
## OF UNITED STATES PATENT NO. RE40,521

24. Plaintiffs incorporate the allegations of Paragraphs 1 through 16 set forth above as if fully set forth herein.

25. Plaintiffs have all substantial rights and interests in the '521 Patent, including all rights to recover for all past and future infringements thereof.

26. The '521 Patent is valid and enforceable.

27. On information and belief, Netgear, without permission of Plaintiffs, has been and is presently infringing the '521 patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and articles infringing one or more claims of the '521 Patent. Defendant Netgear has thus directly infringed the '521 Patent pursuant to 35 U.S.C. § 271(a).

28. On information and belief, Defendant Netgear, without permission of Plaintiffs, has been and is presently indirectly infringing one or more claims of the '521 Patent, including actively inducing infringement under 35 U.S.C. § 271(b) and contributing to infringement of the '521 Patent under 35 U.S.C. § 271(c). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing articles and methods that Defendant Netgear knew or should have known infringe one or more claims of the '521 Patent. Defendant Netgear received actual notice of the '521 Patent by no later than Plaintiffs' August 21, 2014 letter notifying Defendant Netgear of infringement.

29. On information and belief, Defendant Netgear has indirectly infringed the '521 Patent by, among other actions, providing hardware and software that operates in an infringing manner or instructing users to operate and combine its hardware and software in an infringing manner, and their customers do so. For example, Defendant Netgear includes with their ReadyNAS and Stora products software that permits users to transfer files and other data using the infringing BitTorrent protocol, and their users do so. Both the software and instructions induce others to infringe. Additionally, there is no substantial non-infringing use for the software.

30. As a result of Defendant Netgear's infringement of the '521 Patent, Plaintiffs have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

### VIII.   COUNT THREE
### DIRECT AND INDIRECT INFRINGEMENT
### OF UNITED STATES PATENT NO. 8,656,125

31. Plaintiffs incorporate the allegations of Paragraphs 1 through 16 set forth above as if fully set forth herein.

32. Plaintiffs have all substantial rights and interests in the '125 Patent, including all rights to recover for all past and future infringements thereof.

33. The '125 Patent is valid and enforceable.

34. On information and belief, Defendant Netgear, without permission of Plaintiffs, has been and is presently infringing the '125 patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and articles infringing one or more claims of the '125 Patent. Defendant Netgear has thus directly infringed the '125 Patent pursuant to 35 U.S.C. § 271(a).

35. On information and belief, Defendant Netgear, without permission of Plaintiffs, has been and is presently indirectly infringing one or more claims of the '125 Patent, including actively inducing infringement under 35 U.S.C. § 271(b) and contributing to infringement of the '125 Patent under 35 U.S.C. § 271(c). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing articles and methods that Defendant Netgear knew or should have known infringe one or more claims of the '125 Patent. Defendant Netgear received actual notice of the '125 Patent by no later than Plaintiffs' August 21, 2014 letter notifying Defendant Netgear of infringement.

36. On information and belief, Defendant Netgear has indirectly infringed the '125 Patent by, among other actions, providing hardware and software that operates in an infringing manner or instructing users to operate and combine its hardware and software in an infringing manner, and their customers do so. For example, Defendant Netgear includes with their ReadyNAS and Stora products software that permits users to transfer files and other data using the infringing BitTorrent protocol, and their users do so. Both the software and instructions

induce others to infringe. Additionally, there is no substantial non-infringing use for the software.

37. As a result of Defendant Netgear's infringement of the '125 Patent, Plaintiffs have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## IX. JURY DEMAND

38. Plaintiffs request a jury trial of all issues triable of right by a jury.

## X. PRAYER FOR RELIEF

WHEREFOR, Plaintiffs respectfully request that the Court:

A. Adjudge that each of the Asserted Patents was duly and legally issued and that each is valid and enforceable;

B. Adjudge that the Defendant has directly or indirectly infringed the Asserted Patents, whether literally or under the doctrine of equivalents, as described herein;

C. Permanently enjoin Defendant, its agents, servants and employees and all those in privity with Defendant or in active concert with Defendant from engaging in acts of infringement of the Asserted Patents.

D. Award the Plaintiffs past and future damages, together with pre-judgment and post-judgment interest, as provided under 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 34 U.S.C. § 284;

E. Award Plaintiffs their costs, disbursements and attorneys' fees; and

F. Award Plaintiffs such further and additional relief as is deemed appropriate by this Court.

DATED:  August 22, 2014	Respectfully submitted,

By: /s/ Andrew G. DiNovo
　　　Andrew G. DiNovo
　　　Texas State Bar No. 00790594
　　　Victor G. Hardy
　　　Texas State Bar No. 00790821
　　　DINOVO PRICE ELLWANGER & HARDY LLP
　　　7000 N. MoPac Expressway, Suite 350
　　　Austin, Texas 78731
　　　Telephone: (512) 539-2626
　　　Facsimile: (512) 539-2627
　　　Email: adinovo@dpelaw.com
　　　　　　 vhardy@dpelaw.com

　　　Robert J. Weltchek
　　　WELTCHEK MALLAHAN & WELTCHEK
　　　2330 West Joppa Road, Suite 203
　　　Lutherville, Maryland 21093
　　　410-825-5287
　　　rweltcheck@wmwlawfirm.com

　　　Edward M. Buxbaum
　　　ebuxbaum@wtplaw.com
　　　Steven E. Tiller
　　　stiller@wtplaw.com
　　　Erin O. Millar
　　　emillar@wtplaw.com
　　　Whiteford, Taylor & Preston, LLP
　　　Seven Saint Paul Street
　　　Suite 1500
　　　Baltimore, Maryland 21202-1636
　　　(410) 347-8700

*Attorneys for Plaintiffs*